UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELECTRICAL WORKERS LOCAL 58
PENSION TRUST FUND, et al.

      Plaintiffs,                 Case No. 10-cv-11815

v.                           HONORABLE STEPHEN J. MURPHY, III

RITE ELECTRICAL COMPANY,
INCORPORATED OF BERKLEY, and
NORMAN MARK COHEN

      Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION
## FOR EXTENSION OF TIME TO SERVE DEFENDANTS AND
## FOR AN ORDER PERMITTING ALTERNATIVE SERVICE (docket no. 5)

Plaintiffs, represented by counsel, are various trust funds seeking payment of fringe benefits from a dissolved corporation and its owner, Norman Mark Cohen. The complaint was filed on May 4, 2010, and the Defendants have not been served. Recently, the Court ordered Plaintiff to show cause why the case should not be dismissed for lack of prosecution. Rather than responding directly to the Court's order, Plaintiffs filed a motion seeking an extension of time to serve Defendants and an order permitting Plaintiffs to serve defendant Norman Mark Cohen by posting the summons and complaint on his front door.[1] Plaintiffs have not established that service cannot be made by traditional methods. Plaintiffs also have not demonstrated good cause for an extension, and there is no reason

_____

[1] Plaintiffs do not ask specifically for an order permitting alternative service on defendant Rite Electric Company. But because, according to corporate filings with the State of Michigan, Herman was the registered agent of Rite Electric Company, service can be made on Rite Electric Company by serving Herman. *See* Mich. Ct. R. 2.105(D)(2) (service on a domestic corporation may be made by serving resident agent).

1

for the Court to extend the time to serve the defendants as a matter of discretion. For these reasons, the Court denies Defendants' motion and dismisses the complaint without prejudice.

## DISCUSSION

I. Request for Alternative Service

Rule 4(e) of the Federal Rules of Civil Procedure provides that service of process on a defendant may be made through any method authorized by the state in which the district court is located. *See* Fed. R. Civ. P. 4(e)(1). Rule 2.105(A) of the Michigan Rules of Court provides that process may be made on an individual by either delivering a summons and a copy of the complaint to the defendant personally, or by sending the defendant a summons and a copy of the complaint by registered or certified mail, return receipt requested, with delivery restricted to the addressee. Mich. Ct. R. 2.105(A).

If service cannot reasonably be made through one of these traditional methods, Rule 2.105(I) provides that a court may authorize alternative methods of service that are reasonably calculated to give the defendant actual notice of the proceedings. Mich. Ct. R. 2.105(I)(1) & (3). A request for a court order must 1) be made in a verified motion dated within 14 days of its filing, 2) set forth sufficient facts showing process cannot be served under the default provisions of Rule 2.105, and 3) state the defendant's address, last known address, or that the defendant's address is unknown. *See* Mich. Ct. R. 2.105(I).

Plaintiffs have not demonstrated that they are entitled to serve Defendants by alternative methods. In addition to the fact that their motion is not verified, *see* Mich. Ct. R. 2.114(B)(2) (listing ways in which a pleading may be verified), Plaintiffs have not demonstrated that Defendants cannot be served by traditional methods. As stated above, an individual may be served personally *or* by sending a summons and a copy of the

complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Mich. Ct. R. 2.105(A). Plaintiffs do not state that they attempted to serve him by mailing him the summons and a copy of the complaint at his last known address. In support of their motion, Plaintiffs supplied an affidavit from a process server demonstrating that there is good reason to believe Cohen still resides at 6430 Richard Run, West Bloomfield, MI. Plaintiffs must try and serve Cohen by *all* available traditional methods before they are permitted to serve him by an alternative method. *Cf. All Points Capital Corp. v. Great Lakes Tissue Co.*, No. 08-50760, 2009 WL 187700, *1 (E.D. Mich. Jan. 26, 2009) (finding that plaintiff's inability to serve corporation by one of four available traditional methods did not obviate need to attempt service by other available traditional methods). This means that Plaintiffs must try to serve Cohen – and, thereby, Rite Electric Company – by the mailing method provided in Mich. Ct. R. 2.105(A) before the Court can permit service by an alternative method.

II. <u>Request for Extension of Time to Serve Defendants</u>

Plaintiffs also request additional time to serve Defendants. Rule 4(m) of the Federal Rules of Civil Procedure provides that after giving notice to the Plaintiff, a court must dismiss an action, or order that service be made within a specified time, if the defendant is not served within 120 days after the complaint was filed. Fed. R. Civ. P. 4(m). But if the plaintiff shows good cause for the failure to serve the defendant within the time period, the court must extend the time for service for an appropriate period. *Id.* The plaintiff has the burden of establishing good cause. *See Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). Good cause requires a demonstration of why service was not made within the time constraints of the Rule. *Id.* The determination of whether good cause exists lies within

the sound discretion of the district court.  *Id.*

Plaintiffs have articulated no reason for their failure to serve Defendants in the time required by Rule 4.  Although they have tried, unsuccessfully, on numerous occasions to serve defendant Cohen personally – and thereby also serve Rite Electric Company, *see* Mich. Ct. R. 2.105(D)(1) – Plaintiffs have never once tried serving him by registered or certified mail, a perfectly acceptable form of service.  *See* Mich. Ct. R. 2.105(A)(2).  There is no evidence that Cohen is evading service, and it appears that Cohen lives at the address where Plaintiffs believe he resides.  Perhaps Plaintiffs and their process server are unaware of their ability to serve Cohen through the mail, but such ignorance does not demonstrate good cause.  *See Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir.1992) ("'[G]ood cause' . . . would appear to require *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice . . . .'" (citing  *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985)).

Under rule 4(j), the predecessor of Rule 4(m), the Sixth Circuit took the position that dismissal of the complaint is required if good cause is not shown.  *See Moncrief*, 961 F.2d at 596 ("We have held that Rule 4(j) [the predecessor of current Rule 4(m)] renders dismissal after 120 days mandatory rather than discretionary in the absence of good cause.").  The continued validity of this position, however, has been called into doubt by the 1993 amendments to Rule 4, statements in the Advisory Committee Notes regarding the amendments, and the Supreme Court's decision in *Henderson v. United States*, 517 U.S. 654 (1996), in which Justice Ginsburg opined, in dicta, that "[m]ost recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day

period even if there is no good cause shown." *Id.* at 662-63.  District courts in this circuit have relied on the amendments, the Advisory Committee Notes, the Supreme Court's dicta, and decisions from other circuits to conclude that Rule 4(m) gives courts discretion to grant an extension in the absence of a showing of good cause.  *See, e.g.*, *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001); *Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio. 2000); *Wise v. Dep't of Def.*, 196 F.R.D. 52, 56 (S.D. Ohio 1999); *see also Panaras v. Liquid Carbonic Ind. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996); *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 886 (8th Cir. 1996); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *Petrucelli v. Bohringer & Ratzinger GMBH*, 46 F.3d 1298, 1306 (3rd Cir. 1995).  *But see Mendez v. Elliot*, 45 F.3d 75, 78-79 (4th Cir. 1995) (concluding that district court could not extend time for service under Rule 4(m), but not addressing whether and how Advisory Committee Note affected interpretation of that Rule).  The Sixth Circuit has not squarely addressed the effect of the 1993 amendments to Rule 4,[2] but the Court finds persuasive the reasoning of the many district and circuit courts cited above, and agrees that the time for serving a defendant may be extended in the court's discretion absent a showing of good cause.  This approach seems to be most in accord with the language in Rule 4(m).

But simply because a court has authority to extend the time for serving a defendant

---

[2] The decisions of the Sixth Circuit stating that district courts lack discretion to allow extension absent good cause do so in dicta or by applying Rule 4(j), the predecessor to Rule 4(m).  *See, e.g.*, *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994) (applying Rule 4(j)); *Byrd v. Stone*, 94 F.3d 217, 219 n.2 (6th Cir.1996) (dicta); *Catz v. Chalker*, 142 F.3d 279, 289 n.10 (6th Cir.1998) (dicta); *see also Wise*, 196 F.R.D. at 56 ("This Court has found no *reported* Sixth Circuit decision *holding* that a District Court cannot enlarge the time to effect service under Rule 4(m) absent a showing of good cause." (emphasis in original)).

does not mean it should do so, and the decision on the matter lies within the court's sound discretion. *See Vergis*, 199 F.R.D. at 218. In cases where district courts extend the time for serving the defendant absent good cause, there generally exist reasons for doing so. In *Wise*, for example, the district court concluded there was no good cause, but found an extension warranted nevertheless when only a small period of time lapsed between the expiration of the 120-day period and the request for the extension; there was no prejudice to the defendants, who had actual notice of the lawsuit from the time it was filed; a dismissal without prejudice would substantially prejudice the plaintiff because a refiled complaint would be time-barred; counsel was ill during the 120-day period; and counsel's assistant made good faith attempts to effectuate proper service during the 120-day period. *Wise*, 196 F.R.D. at 57. Likewise, in *Vergis*, the district court extended the time to serve the defendant where a later action would be time-barred and the defendant had actual notice of the lawsuit before expiration of the 120-day period. *Vergis*, 199 F.R.D. at 218; *see also Slenzka*, 204 F.R.D. at 326 (granting extension where re-filed action would be time-barred and defendant was aware of the action during the 120-day service period, despite the fact that nearly four months had passed since the 120-day period had expired).

In this case, by contrast, there are no reasons to extend the time for service. A refiled action would not be time-barred.[3] The Court finds this factor to be of nearly dispositive

---

[3] ERISA does not prescribe a limitations period for actions under 29 U.S.C. § 1132, the section under which Plaintiffs bring their claim. *Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76, 78 (2d Cir. 2009) (per curiam). Therefore, the applicable limitations period is the one specified in the most nearly analogous state limitations statute, provided a shorter period is not embodied in the relevant plan documents. *Id.*; *Medical Mut. of Ohio v. k. Amalia Enters.*, 548 F.3d 383, 390 (6th Cir. 2008) ("[C]hoosing which statute to borrow is unnecessary when the parties have contractually agreed on a limitations period and that limitations period is reasonable."). In ERISA cases, courts generally apply the forum state's limitations period for contract

6

weight given that the Advisory Committee Note for the 1993 amendments provides, as one example of when a court should excuse non-compliance with the Rule absent good cause, a situation where the statute of limitations would bar a refiled action. *See* Fed. R. Civ. P. 4(m) Advisory Committee Note on 1993 amendments (citing *Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104 (E.D. Mich 1987)). Whether an extension is given seems to turn primarily on whether a refiled action would be time-barred.

Other factors also suggest an extension is not warranted here. There is no indication that Defendants were aware of this action during the 120-day service period. Moreover, Plaintiffs provide no credible explanation for not having served Defendants by mail within the 120-day time period. Plaintiffs are not proceeding pro se, and have employed counsel experienced in litigation. The Court does not understand Plaintiffs' decision to only attempt personal service on Cohen, rather than also attempting to serve him by certified or registered mail, especially when Plaintiffs had good reasons to believe Cohen resides at the address at which they attempted to serve him personally. Finally, it was *the Court*, through its show-cause order, that triggered Plaintiffs' request for extension, not Plaintiffs acting independently.[4]

Were the Court to extend the time for service here, it is difficult to imagine a case in

_____

actions. *Burke*, 572 F.3d at 78; *see, e.g.*, *Nolan v. Aetna Life Ins. Co.*, 588 F. Supp 1375, 1379 (E.D. Mich. 1984) (concluding that Michigan's limitations period for breach of a written contract actions applied in ERISA action brought under § 1132 for denial of disability benefits). Michigan law provides a limitations period of six years for breach of contract actions. Mich. Comp. Laws § 600.5807(8). Plaintiffs contend that Defendants failed to pay benefits or may have paid insufficient benefits beginning in 2007. Assuming this is when Plaintiff's cause of action accrued, ample time remains before the limitations period expires.

[4] The 120-day period ended around September 4, 2010, and Plaintiffs request was filed October 21, 2010.

which a district court, without abusing its discretion, could deny an extension. On the spectrum of cases where courts face the question of whether to permit an extension in the absence of good cause, this case falls neatly on the portion of the spectrum where extension is not advisable. The proper course here is to dismiss the complaint without prejudice for non-service and lack of prosecution.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiffs' motion for an extension of time to serve Defendants and for an order permitting alternative service (docket no. 5) is **DENIED**.

**IT IS FURTHER ORDERED THAT** this action is **DISMISSED**, **without prejudice**, for failure to prosecute, *see* Fed. R. Civ P. 41(b); E.D. Mich. LR 41.2, and for failure to serve Defendants within the time provided in the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 4(m).

**SO ORDERED.**

s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated: November 10, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 10, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager